S & S INDUSTRIES, INC v DIRECTOR OF BUREAU OF WORKERS'
DISABILITY COMPENSATION

Docket No. 53900. Submitted June 11, 1981, at Detroit.—Decided
February 18, 1982.

S & S Industries, Inc., was granted self-insured status under the
Worker's Disability Compensation Act in 1975. The self-insured
status was renewed annually thereafter until 1980, when the
director of the Bureau of Workers' Disability Compensation
issued an order revoking the self-insured status and directing S
& S to obtain private insurance. S & S appealed to the Work-
ers' Compensation Appeal Board, which affirmed the director's
revocation of the self-insured status. S & S appeals by leave
granted. *Held:*

1. The record supports the appeal board's factual determina-
tion that S & S was not sufficiently solvent to entitle S & S to
the privilege of self-insured status.

2. The Legislature has provided the director with adequate
standards to guide him in a decision to alter an employer's self-
insured status. The legislation is not an unconstitutional dele-
gation of legislative authority.

Affirmed.

H. R. GAGE, J., dissented. She believes that the provision at
issue results in an improper delegation of a legislative function
because it does not give the director sufficient guidelines upon
which to make a decision to revoke the self-insured status of an
employer. She would find that the provision confers virtually
unbridled discretion to revoke self-insured status upon the
director and is, therefore, an unconstitutional delegation of

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmens' Compensation §§ 552, 597.
[2, 9] 2 Am Jur 2d, Administrative Law §§ 191, 192.
[3, 5, 9] 82 Am Jur 2d, Workmens' Compensation § 650.
[4] 81 Am Jur 2d, Workmens' Compensation § 2.
[6] 73 Am Jur 2d, Statutes §§ 145, 146, 204.
[7] 73 Am Jur 2d, Statutes § 206.
[8] 73 Am Jur 2d, Statutes § 244.
[10] 1 Am Jur 2d, Administrative Law § 131 *et seq.*
   2 Am Jur 2d, Administrative Law § 287.

legislative authority. She would reverse the director's revocation of plaintiff's self-insured status.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — FINDINGS OF FACT — FRAUD — CONSTITUTIONAL LAW.

Findings of fact in workers' compensation proceedings are conclusive in the absence of fraud (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. ADMINISTRATIVE LAW — DELEGATION OF POWERS.

The guiding principles in determining whether a statute provides sufficient standards for the exercise of discretion of an administrative official are: (1) the provision in question should not be isolated but must be construed with reference to the entire act; (2) the standard should be as reasonably precise as the subject matter requires or permits; and (3) if possible the statute must be construed in such a way as to render it valid, not invalid, as conferring administrative, not legislative power, and as vesting discretionary, not arbitrary, authority.

3. WORKERS' COMPENSATION — SELF-INSURED STATUS.

The director of the Bureau of Workers' Disability Compensation, when reviewing an employer's self-insured status, must direct his review to the employer's ability to make a reasonable showing of solvency and financial ability to pay compensation benefits pursuant to the workers' compensation act (MCL 418.611[1][a]; MSA 17.237[611][1][a]).

4. WORKERS' COMPENSATION — PURPOSE OF ACT.

The purpose of the Worker's Disability Compensation Act is to provide financial and medical benefits to the victims of work-connected injuries in an efficient, dignified and certain form (MCL 418.101 et seq.; MSA 17.237[101] et seq.).

5. WORKERS' COMPENSATION — SELF-INSURED STATUS — DIRECTOR REVIEW AND DETERMINATION.

The purpose of director review and determination of an employer's self-insured status under the Worker's Disability Compensation Act is protection of the workers who could be temporarily deprived of the benefits of workers' compensation and of the other self-insured employers in the state who would eventually be asked to bear the burden of losses not of their making (MCL 418.502, 418.537; MSA 17.237[502], 17.237[537]).

DISSENT BY H. R. GAGE, J.

6. STATUTES — JUDICIAL CONSTRUCTION.

*The primary rule of statutory construction is that the Legislature is presumed to have intended the plain meaning of the words used by it.*

7. STATUTES — WORDS AND PHRASES — JUDICIAL CONSTRUCTION.

*The Court of Appeals, in construing a statute, must construe all words and phrases according to the common and approved usage of the language.*

8. WORDS AND PHRASES — "ANY".

*The word "any" has a well-defined meaning, not only in the law but in common daily usage, and includes "every", "each one of all" or "more than one".*

9. WORKERS' COMPENSATION — SELF-INSURED STATUS — REVOCATION OF SELF-INSURED STATUS — UNCONSTITUTIONAL DELEGATION OF LEGISLATIVE AUTHORITY.

*A statute which confers unbridled discretion upon an administrative officer to revoke self-insured status of an employer under the Worker's Disability Compensation Act without establishing sufficient guidelines for the exercise of that discretion is unconstitutional because it results in an improper delegation of legislative authority (MCL 418.611[2]; MSA 17.237[611][2]).*

10. ADMINISTRATIVE LAW — RULES AND REGULATIONS — STATUTES.

*A state agency must promulgate, process and publish all its rules and regulations (MCL 24.203[1], 24.205[5], 24.231 et seq.; MSA 3.560[103][1], 3.560[105][5], 3.560[131] et seq.).*

*Gourwitz, Barr & Schwartz, P. C.*, for plaintiff.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Caleb B. Martin, Jr.*, Assistant Attorney General, for defendant.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

CYNAR, J. Plaintiff appeals the decision of the Workers' Compensation Appeal Board affirming an order which revoked plaintiff's self-insured status

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and directed plaintiff to obtain private insurance for its workers' compensation program. We affirm.

Plaintiff was granted self-insured status under the Worker's Disability Compensation Act, MCL 418.101 et seq.; MSA 17.237(101) et seq., in August of 1975. Self-insured status was renewed annually thereafter. On March 28, 1980, the Department of Labor Bureau of Workers' Disability Compensation held a formal show cause hearing at which plaintiff presented evidence to show why it should not be required to return to a private insurance program. On April 11, 1980, the director issued an order revoking plaintiff's self-insured status and directing plaintiff to obtain private insurance.

Plaintiff filed an appeal of the director's order with the Workers' Compensation Appeal Board, hereinafter the appeal board. The appeal board heard oral arguments and received briefs from the parties. Plaintiff's supplemental brief included exhibits containing updated financial statements for the period September 30, 1979, to May 31, 1980. On September 3, 1980, the appeal board issued an order and opinion affirming the director's revocation of plaintiff's self-insured status. Plaintiff brings this appeal by leave granted.

MCL 418.611; MSA 17.237(611) authorizes the director to permit an employer to self-insure its liability for workers' disability compensation benefits. This section provides in pertinent part:

"(1) Every employer subject to this act, subject to the approval of the director, shall secure the payment of compensation under this act by 1 of the following methods:

"(a) By receiving authorization from the director to be a self-insurer. The director may grant that authorization upon a reasonable showing by the employer of the employer's solvency and financial ability to pay the

compensation and benefits provided for in this act and to make payments directly to the employer's employees as they may become entitled to receive the same under the terms and conditions of this act. If the director determines it to be necessary, the director shall require the furnishing of a bond or other security in a reasonable form and amount.

\* \* \*

"(2) The director, from time to time, may review and alter a decision approving the election of an employer to adopt any 1 of the methods permitted by subsection (1) if, in the director's judgment, that action is necessary or desirable for any reason." MCL 418.611; MSA 17.237(611).

Plaintiff contends that the appeal board's determination that plaintiff is not sufficiently solvent to continue as a self-insured employer under the foregoing section was erroneous because it was not supported by "competent, material and substantial evidence on the whole record".

First we note that plaintiff has failed to invoke the appropriate standard of review. Findings of fact in workers' compensation proceedings are conclusive in the absence of fraud. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861). Plaintiff has alleged no fraud. Moreover, the record contains ample evidence to support the appeal board's factual determination that plaintiff was not sufficiently solvent to entitle plaintiff to the privilege of self-insured status.

Plaintiff next claims that the statute which authorizes revocation of self-insured status, MCL 418.611(2); MSA 17.237(611)(2), improperly delegates a legislative function to the director of the Bureau of Workers' Disability Compensation by failing to give sufficient guidelines for the exercise of his authority. Plaintiff contends that the statute gives the director authority to alter the status of

any employer whenever he "feels" that action is necessary or desirable for any reason.

In determining whether the statute in question constitutes an improper delegation of legislative authority we are guided by the Supreme Court's discussion of the issue in *Dep't of Natural Resources v Seaman,* 396 Mich 299; 240 NW2d 206 (1976). The Court in *Seaman* set forth the following guidelines:

"While no hard and fast rule exists for determining whether a given statute has provided sufficient standards, a number of guiding principles have evolved in Michigan jurisprudence to assist in making a determination in this case.

"First, the act in question must be read as a whole; the provision in question should not be isolated but must be construed with reference to the entire act. *Argo Oil Corp v Atwood* [274 Mich 47, 53; 264 NW2d 285 (1935)].

"Second, the standard should be 'as reasonably precise as the subject matter requires or permits'. *Osius v St Clair Shores,* 344 Mich 693, 698; 75 NW2d 25; 58 ALR2d 1079 (1956).

\* \* \*

"Third, if possible the statute must be construed in such a way as to 'render it valid, not invalid', as conferring 'administrative, not legislative' power and as vesting 'discretionary, not arbitrary, authority'. *Argo Oil Corp v Atwood, supra,* 53." (Footnote omitted.) *Seaman, supra,* 309.

Plaintiff's argument, in focusing solely on the language of subsection (2) of § 611, "[t]he director \* \* \* may \* \* \* alter a decision \* \* \* if, in the director's judgment, that action is necessary or desirable for any reason", ignores the first principle noted in *Seaman.* That is, the provision should not be isolated. Rather, it must be read with

reference to the entire act. Accordingly, the authority granted to the director in subsection (2) to alter a decision is limited by the guidelines contained in subsection (1)(a) for making the initial decision proposed to be altered. The guidelines contained in subsection (1)(a) are as follows:

"* * * The director may grant that authorization upon a reasonable showing by the employer of the employer's solvency and financial ability to pay the compensation and benefits provided for in this act and to make payments directly to the employer's employees as they may become entitled to receive the same under the terms and conditions of this act * * *." MCL 418.611(1)(a); MSA 17.237(611)(1)(a).

Thus, the director's review of an employer's self-insured status must be directed to the employer's ability to make a reasonable showing of solvency and financial ability to pay compensation benefits pursuant to the act. The director's authority is thereby circumscribed.

In addition to reading the standards of subsection (1)(a) into the authority granted in subsection (2), both subsections must be viewed as guided by the purpose of the provision in question. The legislative purpose was accorded considerable weight in the Supreme Court's decision sustaining certain legislation in *Underhill v Safeco Ins Co,* 407 Mich 175; 284 NW2d 463 (1979). The statutory language challenged in that case stated simply "[a]ny other deductible provisions require the prior approval of the commissioner". MCL 500.3109(3); MSA 24.13109(3). The Supreme Court found that sufficient guidelines were present in the form of the purpose of the no-fault act and the general provisions of the Insurance Code.

The purpose of the Worker's Disability Compen-

sation Act is to provide financial and medical benefits to the victims of work-connected injuries in an efficient, dignified and certain form. *Whetro v Awkerman,* 383 Mich 235, 242; 174 NW2d 783 (1970). The purpose of the specific provision in question was stated by the appeal board to be:

"The purpose of director review and determination is protection of the workers who could (temporarily) be deprived of the benefits of workers' compensation, and of the other self-insured employers in the state who would (eventually) be asked to bear the burden of losses not of their making (MCL 418.502 and 418.537)."

This overall purpose of the act, as well as the purpose of the specific provision in question, provides further guidance to the director in reviewing a prior decision on the method an employer must use to secure payment of compensation.

The second principle of *Seaman* states that the standards should be as reasonably precise as the subject matter permits. We believe that the Legislature, in enacting MCL 418.611; MSA 17.237(611), was as precise as the subject matter permits. In this we are guided by the Supreme Court's statement in *Seaman:*

"The preciseness of the standard will vary with the complexity and/or the degree to which [the] subject regulated will require constantly changing regulation." (Footnote omitted.) *Seaman, supra,* 309.

In order to determine whether an employer's financial condition permits it to maintain a self-insurance program which would protect disabled workers' interests in compensation, many factors must be taken into account. An employer's ability to pay claims as they fall due varies with the type

of business, the type of assets held by the employers, and economic conditions in general. A set of standards applicable to one type of employer or based on one set of assumptions regarding economic conditions would not necessarily be applicable in another case. Given the broad purposes of the act and the wide variety of circumstances in which its mandate may be applied, the Legislature was as precise as it could have been in enacting in MCL 418.611; MSA 17.237(611).

In view of our duty to construe the statute as conferring administrative, not legislative, power and as vesting discretionary, not arbitrary, authority, we conclude that the Legislature has provided the director with adequate standards to guide him in a decision to alter an employer's self-insured status. Accordingly, the legislation in question is not an unconstitutional delegation of legislative authority.

After careful review of the other issues raised by plaintiff we find they are without merit.

Affirmed.

D. C. RILEY, P.J., concurred.

H. R. GAGE, J. *(dissenting)*. I respectfully dissent from that portion of the majority opinion upholding the constitutionality of MCL 418.611(2); MSA 17.237(611)(2). I believe that the provision results in an improper delegation of a legislative function because it does not give the director sufficient guidelines upon which to make a decision to revoke the self-insured status of an employer.

I have no disagreement with the guidelines set forth by the Supreme Court in *Dep't of Natural Resources v Seaman,* 396 Mich 299; 240 NW2d 206 (1976), and relied upon by the majority. I believe, however, that an application of these guidelines to

the challenged language requires a finding opposite to that of the majority.

The majority first notes that the challenged language of subsection (2) must not be read in isolation but must be construed with reference to the language immediately preceding it in subsection (1)(a). That language requires the employer to make a reasonable showing of his solvency and financial ability to pay benefits in order to receive authorization to be a self-insurer in the first instance. The majority feels that subsection (2) is to be construed with reference to that language.

Although subsection (1)(a) may arguably set forth sufficient guidelines for granting self-insured status in the first instance, in my view, it is precisely because that language appears in the very provision as the challenged language that subsection (2) cannot withstand the constitutional challenge. In light of the close proximity of the language, I cannot believe that the Legislature, after taking the time to set forth what the director must consider to grant self-insured status initially, intended that the language used in subsection (2), giving the director the power to alter his decision "for *any* reason", would simply incorporate the factors stated in subsection (1)(a). I believe the use of the word "any" in subsection (2), immediately following the relatively precise factors as stated in subsection (1)(a), requires a contrary conclusion. Had the Legislature intended the director and this Court to incorporate those factors into subsection (2), it could have easily accomplished that result by simply referring the director to the language of subsection (1)(a).

The primary rule of statutory construction is that the Legislature is presumed to have intended the plain meaning of the words used by it. This

Court must construe all words and phrases according to the common and approved usage of the language. *Congregation B'Nai Jacob v City of Oak Park*, 102 Mich App 724, 729; 302 NW2d 296 (1981). Both the Supreme Court and this Court have recognized that the word "any" has a well-defined meaning, not only in the law but in common daily usage, and includes "every", "each one of all" or "more than one". *Harrington v Inter-State Business Men's Accident Ass'n*, 210 Mich 327, 330-331; 178 NW 19 (1920), *Congregation B'Nai Jacob, supra,* 729-730. Construing the challenged language of subsection (2) with reference to the language of subsection (1)(a), as required by *Seaman,* it is my belief that the Legislature, by providing specific factors to be considered in initially granting self-insured status but then, in the very same provision, allowing the director to alter that decision "for any reason", expressed its intention in a manner which leaves this Court with no alternative other than to find subsection (2) to be an unconstitutional delegation of legislative authority.

The majority also notes that *Seaman* requires the challenged language to be viewed as guided by the purpose of that provision and the act in general. In reaching its conclusion that the director is given sufficient guidance in reviewing or altering a prior decision, the majority incorporates the factors of subsection (1)(a) into subsection (2). In light of my earlier conclusion that, because of the manner in which the provision was enacted and the language used, such an incorporation cannot be made, I must also disagree with the majority's conclusion on this factor. I do not disagree with the appeal board's statement that the purpose of director review is protection of the workers and

other self-insured employers. I also believe, how-
ever, that there must be a reciprocal purpose of
protecting the particular employer under director
review who may well be financially capable of
retaining self-insured status. Allowing the director
to revoke that status "for any reason" does not
sufficiently protect or further that purpose of the
act.

Finally, in light of the fact that the Legislature
provided relatively specific guidelines for the grant
of self-insured status in the first instance, it is
apparent that more precise standards could have
been provided with regard to reviewing and alter-
ing such a decision. Thus, the final principle an-
nounced in *Seaman* requires that subsection (2) be
struck down as an unconstitutional delegation of
legislative authority.

I remain mindful of our duty to construe, if
possible, subsection (2) as vesting discretionary,
not arbitrary, and as conferring administrative,
not legislative, power. *Argo Oil Corp v Atwood*,
274 Mich 47, 53; 264 NW 285 (1935). We must also,
however, interpret the statute as the Legislature
wrote it. *Congregation B'Nai Jacob, supra*, 730. I
believe that subsection (2) confers upon the direc-
tor virtually unbridled discretion to revoke self-
insured status and is, therefore, unconstitutional.

I would also find that Administrative Rule 13,
1954 AC, R 408.43, which was in effect at the time
plaintiff's self-insured status was revoked,[1] failed

---

[1] The rule was subsequently amended to provide as follows:
"Rule 13c. (1) The director may decline to approve an application
for self-insurance or terminate the self-insurance privilege if the
employer is unable to demonstrate that the employer will be able to
meet all obligations under the act. The following factors shall be used
in determining if a nonpublic employer can meet those obligations:
"(a) Ratio of tangible net worth to annual self-insurance retention.
"(b) Ratio of current assets to current liabilities.
"(c) Ratio of debt to tangible net worth.
"(d) Profit and loss history.

to provide any further protection of plaintiff's right to due process. Rule 13 provided:

"Rule 13. (1) An employer seeking exemption from insuring its risk under the workers' disability compensation act and the privilege of becoming a self-insurer shall apply to the bureau on form 402, application for self-insurance. The approval of an application for self-insurance shall be for no longer than 1 year after the effective date of the approval. An approval may, upon application and review, be renewed for no more than 1 year at a time. The employer shall submit a renewal application to the director 30 days before expiration of the self-insurance privilege. Upon receipt of a renewal application, the privilege may be extended until denied by the director.

"(2) The director may require a surety bond, proof of excess insurance, or such other type of security as he deems necessary.

"(3) Pursuant to section 611 of the act and this rule, *the director, upon his own motion, may review his prior approval granting an employer the privilege of becoming self-insured. If, as a result of such review, the director determines that it is necessary to revoke the self-insurance privilege,* he shall do so in accordance with the following:

"(a) Notify the employer of his review and intention to revoke the employer's previously granted privilege to

---

"(e) Organizational structure and management background.

"(f) Compensation loss history and proposed excess insurance coverage.

"(g) Source of reliability of financial information.

"(h) Ratio of net worth to annual compensation premium.

"(i) Number of employees.

"(j) Excess insurance.

"(k) Guarantee by parent company.

"(l) Surety bond or other security.

"(m) Claims administration.

"(2) Notice of a denial or termination of self-insured status shall be mailed to the employer. The notice shall include the grounds for denial or termination. The employer may request a hearing in accordance with R 408.43n." 1979 ACS 3, R 408.43c, effective 9/3/80.

be self-insured. The reasons for revocation shall be included in the notice of review.

"(b) The self-insured employer may request a hearing before the director within 15 days of the mailing date of the director's notice as to why it should be allowed to remain self-insured.

"(c) If the employer fails to request a hearing within 15 days after mailing of the director's notice, the director may revoke the self-insurance privilege.

"(d) If, after a hearing, the director still finds it necessary to alter his decision granting an employer the privilege to be self-insured, he shall notify the employer to that effect.

"(e) A hearing, when requested, shall be scheduled within reasonable time subject to the availability of the director or his authorized representative.

"(f) If, after a hearing, the self-insurance privilege is revoked, it shall become effective 30 days after the director's decision is mailed. Thereafter, the employer shall be required to have private insurance coverage." (Emphasis supplied.)

Aside from setting forth some procedural requirements, Rule 13 simply reiterated the director's statutory authority that is set forth in subsection (2) without establishing any additional guidelines to govern the director's decision to revoke. The rule's extensive procedural guarantees cannot make up for the fundamental flaw of its vagueness. It only serves to lodge "unbridled ad hoc, *ad hominem* discretion" in the director. See *Civil Service Comm of Hamtramck v Pitlock,* 44 Mich App 410, 414; 205 NW2d 293 (1973).

The dangers inherent in the failure to establish sufficient guidelines for the exercise of an administrative officer's discretion are apparent in this case. There is evidence in the record which indicates that the director customarily relied on an unwritten rule or policy requiring a company to retain a ratio of net worth to self-insurance reten-

tion of 10 to 1. Reliance on such an unwritten rule denies the employer the opportunity knowledgeably to defend its self-insured status and constitutes a violation of the Administrative Procedures Act of 1969 which requires a state agency to promulgate, process and publish all its rules and regulations. MCL 24.203(1), 24.205(5), 24.231 *et seq.;* MSA 3.560(103)(1), 3.560(105)(5), 3.560(131) *et seq., Mallchok v Liquor Control Comm,* 72 Mich App 341; 249 NW2d 415 (1976).

My disposition of the above issues makes discussion of plaintiff's other issues unnecessary. I would reverse the director's revocation of plaintiff's self-insured status.