CANTON CHARTER TOWNSHIP v DEPARTMENT OF SOCIAL
SERVICES

Docket Nos. 64902, 65040. Submitted April 7, 1983, at Detroit.—
Decided July 15, 1983.

The Charter Township of Canton filed suit in Wayne Circuit
Court seeking an injunction to prevent the Department of
Social Services and others from establishing, licensing, or oper-
ating eight adult foster care small group homes in areas within
the township that have residential zoning classifications. At the
time of trial, four of the eight applications had been with-
drawn. Following a bench trial, the court, Victor J. Baum, J.,
rejected all but one of plaintiff's arguments and entered a
judgment enjoining defendants from continuing to house men-
tally ill persons in small adult foster care group homes of six or
fewer persons in Canton Township. Defendants appeal the
order and plaintiff cross appeals the court's rejection of the
remainder of its claims. The appeals have been consolidated.
*Held:*

1. The trial court's holding that the Adult Foster Care
Facility Licensing Act prohibits the placement of mentally ill
persons in small group homes is reversed.

2. The trial court correctly rejected the remainder of plain-
tiff's claims by holding: (1) that the Township Rural Zoning
Act, which provides an exemption from township zoning ordi-
nances to state licensed residential facilities, does not unconsti-
tutionally divest plaintiff of any inherent zoning authority; (2)
that the Adult Foster Care Facility Licensing Act does not
violate the title-object clause of the Michigan Constitution; (3)
that adult foster care facilities licensed under 1979 PA 218 can

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Zoning and Planning § 161.

Halfway houses: housing facilities for former patients of mental
hospital as violating zoning restrictions. 100 ALR3d 876.

Validity of ordinance restricting number of unrelated persons who
can live together in residential zone. 12 ALR4th 238.

[2, 4] 82 Am Jur 2d, Zoning and Planning §§ 149-152.

[3] 73 Am Jur 2d, Statutes § 100 *et seq.*

[5, 6] 82 Am Jur 2d, Zoning and Planning §§ 67, 68, 161.

qualify for the zoning exemption in § 16a of the Adult Foster Care Facility Licensing Act; (4) that § 16a of the act is applicable to this case; (5) that the licensing act is not void for vagueness and a lack of standards just because it does not define the term "excessive concentration"; and (6) that Canton Township does not have an excessive concentration of adult foster care facilities.

Affirmed in part and reversed in part.

1. MENTAL HEALTH — SMALL GROUP HOMES — ADULT FOSTER CARE FACILITIES.

The Adult Foster Care Facility Licensing Act does not prohibit the placement of mentally ill persons in small group homes (MCL 400.701 *et seq.;* MSA 16.610[51] *et seq.).*

2. TOWNSHIPS — ZONING — STATE LICENSED RESIDENTIAL FACILITIES — TOWNSHIP RURAL ZONING ACT.

The Township Rural Zoning Act, which provides an exemption from township zoning ordinances to state licensed residential facilities, does not unconstitutionally divest townships of any inherent zoning authority (MCL 125.286a[2]; MSA 5.2963[16a][2]).

3. CONSTITUTIONAL LAW — ADULT FOSTER CARE FACILITY LICENSING ACT — TITLE-OBJECT CLAUSE.

The Adult Foster Care Facility Licensing Act does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24; MCL 400.701 *et seq.;* MSA 16.610[51] *et seq.).*

4. ZONING — SOCIAL SERVICES — CONSTITUTIONAL LAW — ADULT FOSTER CARE FACILITY LICENSING ACT.

The enactment of the Adult Foster Care Facility Licensing Act did not dispense with or change the statute regarding zoning exemptions for state licensed residential facilities so as to violate the constitutional provision regarding the revision and amendment of laws (Const 1963, art 4, § 25; MCL 125.583b, 400.701 *et seq.;* MSA 5.2933[2], 16.610[51] *et seq.).*

5. SOCIAL SERVICES — COMMUNITY RESIDENTIAL FOSTER CARE FACILITIES — CONSTITUTIONAL LAW.

The statutes proscribing the licensure of community residential foster care facilities where such licensure would substantially contribute to an excessive concentration of such facilities are not unconstitutional for lack of standards (MCL 125.286a, 400.716[1]; MSA 5.2963[16a], 16.610[66][1]).

6. Social Services — Adult Foster Care Facilities — Excessive Concentration.

  The question of whether an excessive concentration of adult foster care facilities exists in a given community is to be determined by the Department of Social Services not with reference to how many facilities are in other communities, but rather with reference to the number within the particular community challenging the placement of additional facilities (MCL 400.716[1]; MSA 16.610[66][1]).

*Meyers, Hemming & Polaczyk* (by *C. Gerald Hemming),* for Canton Township.

*Garrett & Rogers, P.C.* (by *Jon R. Garrett),* for Pyramid Human Services, Inc., Brant Homes, Inc., Charles Chatfield, Martha Chatfield, and Arthur Mack.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *William K. Basinger,* Assistants Attorney General, for the Department of Social Services and its director.

Before: Wahls, P.J., and Gribbs and M. Warshawsky,* JJ.

Per Curiam. The Charter Township of Canton brought this action in circuit court, seeking an injunction to prevent defendants from establishing, licensing, or operating eight adult foster care small group homes in areas within the township that have residential zoning classifications. By the time of trial, the applications for four of the eight facilities had been withdrawn. Following a nonjury trial, the court rejected all but one of plaintiff's arguments, and entered a judgment enjoining defendants from continuing to house mentally ill persons in small adult foster care group homes of

* Circuit judge, sitting on the Court of Appeals by assignment.

six or fewer persons in the township. Defendants have appealed this order as of right and plaintiff has filed a cross-appeal, challenging the trial court's rejection of the remainder of its claims.

As to the trial court's holding that the Adult Foster Care Facility Licensing Act (AFCFLA), MCL 400.701 *et seq.;* MSA 16.610(51) *et seq.,* prohibits the placement of mentally ill persons in small group homes, we reverse for the reasons set out in *Oxford Twp v Dep't of Social Services,* 120 Mich App 103; 327 NW2d 409 (1982). See also *Greentrees Civic Ass'n v Pignatiello,* 123 Mich App 767; 333 NW2d 350 (1983); *City of Livonia v Dep't of Social Services,* 123 Mich App 1; 333 NW2d 151 (1983).

Plaintiff asserts, however, that the instant case is distinguishable from the *Oxford Township* case, in which the issue was disposed of upon a motion for summary judgment, because the trial court here had the benefit, following a full trial, of testimony by psychiatrists, legislators, and those involved in the drafting of the statute in reaching its conclusion that the Legislature intended to treat the mentally ill differently from the emotionally disturbed. We disagree.

None of the legislative history produced by defendants' witness, a member of the House Democratic Research staff, supports the conclusion that the Legislature intended to define and treat the "emotionally disturbed" differently from the "mentally ill". While plaintiff's expert on psychiatry testified that there is a general understanding that "mental illness" is distinct from, and a much more serious condition or disturbance than, "emotionally disturbed", defendants' two experts in the field, relying on several authoritative treatises, testified that the terms are synonymous with each

other. Among the works relied upon by defendants' experts was the *Psychiatric Glossary,* published by the American Psychiatric Association, upon which this Court relied in *Oxford Twp, supra,* pp 109-110. Viewing the record as a whole, we conclude that plaintiff failed to produce persuasive evidence that the conclusion reached in *Oxford Twp* was erroneous.

We affirm the trial court's judgment insofar as it rejected the remainder of plaintiff's claims. Section 16a of the Township Rural Zoning Act, MCL 125.286a(2); MSA 5.2963(16a)(2), which provides an exemption from township zoning ordinances to state licensed residential facilities, does not unconstitutionally divest plaintiff of any inherent zoning authority. *Brandon Twp v North-Oakland Residential Services, Inc,* 110 Mich App 300, 306-307; 312 NW2d 238 (1981). See also *City of Livonia v Dep't of Social Services, supra.*

The Adult Foster Care Facility Licensing Act does not violate the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24. *Greentrees Civic Ass'n, supra; City of Livonia v Dep't of Social Services, supra.*

The argument that no adult foster care facilities licensed under 1979 PA 218 can qualify for the zoning exemption in MCL 125.286a; MSA 5.2963(16a) because that provision defines "state licensed residential facility" as one which is licensed under 1972 PA 287, the old licensing act, has been rejected several times by this Court. See *City of Livonia v Dep't of Social Services, supra; City of Dearborn v Dep't of Social Services,* 120 Mich App 125, 132-133; 327 NW2d 419 (1982); *Brandon Twp, supra.*

The enactment of AFCFLA did not dispense with or change the statute regarding zoning ex-

emptions for state licensed residential facilities, MCL 125.286a; MSA 5.2963(16a), so as to violate the constitutional provision regarding the revision and amendment of laws, Const 1963, art 4, § 25. See *Dearborn, supra,* pp 133-134 (Const 1963, art 4, § 25 was not violated, despite the failure to re-enact and publish MCL 125.583b; MSA 5.2933(2), the zoning exemption applicable to cities and villages, after the passage of the new licensing act because the passage of the new licensing act did not dispense with or change any of the provisions of the zoning exemption provision).

Also without merit is plaintiff's argument that, since § 16a of the Township Rural Zoning Act exempts only a "state licensed residential facility providing supervision or care, or both, to six or less persons", it is inapplicable to the case at bar as the premises in question are small group homes which, by definition, have a capacity for 12 adults. Since the applications for licensing in this case were based on the homes having a capacity of six or less, defendants' proposed small group homes fall within the provisions of § 16a. See *Brandon Twp, supra,* pp 308-309, and *City of Livonia v Dep't of Social Services, supra.*

MCL 400.716(1); MSA 16.610(66)(1) provides that "a temporary license shall not be granted under this act if the issuance of the license would substantially contribute to an excessive concentration of community residential facilities within a city, village, or township of this state". Plaintiff contends that, because the term "excessive concentration" is not defined, the licensing act is void for vagueness and a lack of standards.

MCL 400.716(1); MSA 16.610(66)(1) incorporates the requirements of MCL 125.286a; MSA 5.2963(16a) and, as such, must be read *in pari*

*materia* therewith. See *City of Livonia v Dep't of Social Services, supra.* Like MCL 125.583b; MSA 5.2933(2), applicable to cities and villages, § 16a(4) of the Township Rural Zoning Act provides that a state licensing agency shall not license a proposed residential facility when another such facility exists within a 1500-foot radius of the proposed facility or when the issuance of a license would substantially contribute to an excessive concentration of such facilities within the township.

In *City of Livonia,* the Court rejected the argument that the absence of a definition of "excessive concentration" in the provision paralleling § 16a(4) applicable to cities and villages rendered the licensing act unconstitutional. We fully agree with the following reasoning by that panel:

"The 'excessive concentration' criteria is only applicable to situations where the concentration of homes is allegedly excessive even though it satisfies the statutory maximum density. Any attempt to specifically set forth further criteria for determining whether excessive concentration has occurred would be impractical as the level of permissible concentration may well vary according to the constantly changing demographic characteristics of a particular community. Such a determination inherently requires the exercise of some limited discretion. We hold that, under the present scenario, the defendant department is permitted to exercise such discretion while it is prohibited from acting arbitrarily and, therefore, we find that these statutes are valid as they confer administrative and not legislative power and as they vest discretionary and not arbitrary authority." 123 Mich App 16-17.

Plaintiff finally contends that the trial court erred in ruling that the township does not have an "excessive concentration" of adult foster care facilities. At trial plaintiff introduced evidence that the

township has ten adult foster care facilities and five more with pending applications for a total possible population in the 15 facilities of 90 persons. The township had a population in 1980 of 48,616. Plaintiff points to the fact that several cities in the Detroit metropolitan area have greater populations but fewer proposed and existing small group homes as the sole basis for its assertion that the township has an excessive concentration of such facilities.

That the township may have more group homes than other communities is, we believe, irrelevant to the determination of whether there is an "excessive concentration" of facilities within the township. MCL 400.716(1); MSA 16.610(66)(1) clearly indicates that the question of excessive concentration is to be determined by the defendant department not with reference to how many facilities are in other communities, but rather with reference to the number within the particular community challenging the placement of additional facilities. As pointed out by defendants, assuming all the homes in question were licensed and fully occupied, the 15 homes would constitute only 9/100 of 1% of the total housing units in the township and their residents only 19/100 of 1% of the township population.

Plaintiff has not demonstrated that the facilities within its borders would, by virtue of their allegedly "exorbitant" number, overburden the community's resources or cause undue harm to its population. Under these circumstances we conclude that plaintiff has failed to demonstrate excessive concentration of these facilities within the township.

Affirmed in part and reversed in part.