SHELBY TOWNSHIP v DEPARTMENT OF SOCIAL SERVICES

Docket No. 77856. Submitted March 14, 1985, at Detroit.—Decided May 14, 1985. Leave to appeal applied for.

Children's Aid and Family Services applied for a license to operate an adult foster care small group home in the Charter Township of Shelby. Shelby Township opposed the licensing and filed a complaint with the Department of Social Services, requesting that the license be denied. A hearing referee heard the case and recommended to the DSS that the proposed licensing be upheld. The DSS then entered a decision and order upholding the licensing. Shelby Township appealed from the DSS order to the Macomb Circuit Court and requested injunctive relief against any further licensing in Shelby Township. The appellees in the circuit court were the DSS, the Director of the DSS, and Family Services. The circuit court affirmed the hearing referee's decision, Frank E. Jeannette, J. Shelby Township appeals. *Held:*

1. Issuance of a license for an adult foster care facility under § 16(1) of the Adult Foster Care Facility Licensing Act, MCL 400.716(1), is conditioned on compliance with § 16a of the Township Rural Zoning Act, MCL 125.286a. These two statutes combined provide sufficient standards to guide administrative action in this matter. These two statutes prohibit licensing where it would increase the number of adult foster care facilities, thereby causing the normal residential surroundings within the particular community to change. This standard is as reasonably precise as the subject matter requires or permits.

2. Section 16(1) of the Adult Foster Care Facility Licensing Act and § 16a of the Township Rural Zoning Act are valid since they confer administrative and not legislative power and since they vest discretionary and not arbitrary authority. The sections are not unconstitutional for lack of sufficient standards.

3. The licensing of the proposed facility will not substantially

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law § 100 *et seq.*
[3, 5, 7] 82 Am Jur 2d, Zoning and Planning § 1 *et seq.*
    Exclusionary zoning. 48 ALR3d 1210.
[4] 73 Am Jur 2d, Statutes § 204 *et seq.*
[6] 16 Am Jur 2d, Constitutional Law § 212 *et seq.*

contribute to an excessive concentration of community residential facilities in Shelby Township.

Affirmed.

1. ADMINISTRATIVE LAW — DELEGATION OF POWERS.

The Legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend.

2. ADMINISTRATIVE LAW — DELEGATION OF POWERS — STATUTES.

The guiding principles in determining whether a statute provides sufficient standards for the exercise of discretion of an administrative official are: (1) the provision in question should not be isolated but must be construed with reference to the entire act; (2) the standard should be as reasonably precise as the subject matter requires or permits; and (3) if possible the statute must be construed in such a way as to render it valid, not invalid, as conferring administrative, not legislative, power, and as vesting discretionary, not arbitrary, authority.

3. ADMINISTRATIVE LAW — LICENSES — FOSTER CARE FACILITIES — ZONING.

Issuance of a license for an adult foster care facility in a township under a section of the Adult Foster Care Facility Licensing Act is conditioned on compliance with a section of the Township Rural Zoning Act; the two statutes combined provide sufficient standards to guide administrative action in determining whether to issue such a license (MCL 125.286a, 400.716[1]; MSA 5.2963[16a], 16.610[66][1]).

4. STATUTES — JUDICIAL CONSTRUCTION.

The words of a statute are to be given their plain and ordinary meaning where the Legislature does not provide a statutory definition of a term.

5. LICENSES — ADMINISTRATIVE LAW — FOSTER CARE FACILITIES.

Licensing of an adult foster care facility in a particular community is prohibited where the increase in the number of such facilities would cause the normal residential surroundings within the particular community to change (MCL 125.286a[4], 400.716[1]; MSA 5.2963[16a][4], 16.610[66][1]).

6. STATUTES — JUDICIAL CONSTRUCTION.

It is the duty of a court which is construing a statute to give a presumption of constitutionality to the statute and construe it as constitutional unless the contrary clearly appears.

7. LICENSES — ADMINISTRATIVE LAW — FOSTER CARE FACILITIES.
    The issuance of a license for an adult foster care facility in a
    township is prohibited where the issuance of the license would
    cause an excessive concentration of such facilities within the
    township (MCL 125.286a[4], 400.716[1]; MSA 5.2963[16a][4],
    16.610[66][1]).

*Richard C. Johnston & Associates* (by *John J. Kraus, Jr.*), for appellant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *William K. Basinger,* Assistant Attorney General, for the Department of Social Services.

*Garrett & Rogers, P.C.* (by *Jon R. Garrett*), for Children's Aid and Family Services.

Before: CYNAR, P.J., and D. E. HOLBROOK, JR., and R. L. TAHVONEN,* JJ.

PER CURIAM. The Charter Township of Shelby appeals as of right from a circuit court order which upheld licensing of an adult foster care small group home and denied injunctive relief. We affirm.

Appellee Children's Aid and Family Services applied for a license to operate an adult foster care small group home in Shelby Township. Shelby Township opposed the licensing and filed a complaint with appellee Department of Social Services, requesting that the license be denied. The hearing referee heard the case and recommended to the DSS that the proposed licensing of a Family Services facility be upheld. The DSS entered a decision and order upholding the licensing. Shelby Township appealed from the DSS order to the Macomb County Circuit Court and requested in-

* Circuit judge, sitting on the Court of Appeals by assignment.

junctive relief against any further licensing in Shelby Township. The circuit court affirmed the decision of the hearing referee and denied injunctive relief.

At the time of the hearing before the referee, Shelby Township had ten licensed adult foster care facilities. The addition of the proposed Family Services facility would increase the number to 11, with a client capacity of 69 persons. The 1980 census shows the population of Shelby Township to be 38,939 people. The number of adults residing in licensed foster care facilities represents 18/100 of 1% of Shelby Township's total population.

The hearing referee found that the proposed facility was not within 1,500 feet of an existing facility. He refused to take evidence as to the number of facilities in other communities in the area, and found no "excessive concentration" of licensed adult foster care facilities in Shelby Township.

This appeal involves a challenge by Shelby Township to the licensing of an adult foster care small group home located in a residential area of the township under the Adult Foster Care Facility Licensing Act, 1979 PA 218; MCL 400.701 *et seq.;* MSA 16.610(51) *et seq.,* pursuant to a zoning exemption created by the Township Rural Zoning Act, 1943 PA 184, § 16a; MCL 125.286a; MSA 5.2963(16a). Section 16a(4) states in pertinent part:

"* * * A state licensing agency shall not license a proposed residential facility when another state licensed residential facility exists within the 1,500 foot radius, unless permitted by local zoning ordinances, of the proposed location or when the issuance of the license would substantially contribute to an excessive concentration of state licensed residential facilities within the township."

Shelby Township questions the constitutionality of the delegation of power by the Legislature to the DSS to determine when an "excessive concentration" of foster care facilities exists under § 16a(4). Shelby Township also claims that the Legislature unconstitutionally delegated authority in § 16(1) of the Adult Foster Care Facility Licensing Act, 1979 PA 218; MCL 400.716(1); MSA 16.610(66)(1), which provides as follows:

"Unless the city, village, or township approves a temporary license, a temporary license shall not be granted under this act if the issuance of the license would substantially contribute to an excessive concentration of community residential facilities within a city, village, or township of this state."

It is argued that insufficient standards have been set forth by the Legislature in the foregoing statutes as to the meaning of the term "excessive concentration".

The distinction between properly delegated administrative power and unconstitutionally delegated legislative power was described in *King v Concordia Fire-Ins Co,* 140 Mich 258, 268-269; 103 NW 616 (1905), wherein the Court quoted the courts of two sister jurisdictions:

"The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." *Locke's Appeal,* 72 Pa St 491, 498 (1873).

"The true distinction, therefore, is, between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring an authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be

made." *Cincinnati, W & Z R Co v Clinton County Comm'rs,* 1 Ohio St 77, 88 (1852) (Ranney, J.).

A similar claim of unlawful delegation of power was made in *Automotive Service Councils of Michigan v Secretary of State,* 82 Mich App 574; 267 NW2d 698 (1978), *lv den* 403 Mich 810 (1978). The Legislature had delegated the authority to determine what were "unfair and deceptive practices" under the Motor Vehicle Service and Repair Act, MCL 257.1301 *et seq.;* MSA 9.1720(1) *et seq.,* to the Michigan Secretary of State. The trial court in *Automotive Service* held this delegation of authority to be unconstitutional because of a lack of legislative standards for determining what were unfair and deceptive practices. This Court reversed the trial court, concluding that a reading of the act as a whole provided sufficient indication of the legislative intent behind the phrase. The Court concluded that the statute provided an adequate standard. In reaching its decision, this Court noted the guiding principles stated in *Dep't of Natural Resources v Seaman,* 396 Mich 299, 309; 240 NW2d 206 (1976), for determining whether a given statute has provided sufficient standards:

"First, the act in question must be read as a whole; the provision in question should not be isolated but must be construed with reference to the entire act. *Argo Oil Corp v Atwood,* 274 Mich 47, 53; 264 NW 285 (1935).

"Second, the standard should be 'as reasonably precise as the subject matter requires or permits'. *Osius v St Clair Shores,* 344 Mich 693, 698; 75 NW2d 25; 58 ALR2d 1079 (1956).

"The preciseness of the standard will vary with the complexity and/or the degree to which [the] subject regulated will require constantly changing regulation. * * *.

"Third, if possible the statute must be construed in

such a way as to 'render it valid, not invalid', as conferring 'administrative, not legislative' power and as vesting 'discretionary, not arbitrary, authority'. *Argo Oil Corp v Atwood, supra,* 53." (Footnotes omitted.)

Issuance of a license for an adult foster care facility under 1979 PA 218, § 16(1) is conditioned on compliance with 1943 PA 184, § 16a. These two statutes combined provide sufficient standards to guide administrative action in this matter. The legislation provides that proximity is a factor to be considered. An adult foster care facility can be as close as 1,500 feet to another such facility as long as excessive concentration does not occur. The intent of the Legislature in placing adult foster care facilities in residential areas is clearly stated. The purpose is to assure that "persons in need of community residential care shall not be excluded by zoning from the benefits of normal residential surroundings". 1943 PA 184, § 16a(2).

Where the Legislature does not provide a statutory definition of a term, the words of the statute are to be given their plain and ordinary meaning. *Bingham v American Screw Products Co,* 398 Mich 546, 563; 248 NW2d 537 (1976). The term "excessive" means "extreme or inordinate". The American Heritage Dictionary (New College Ed, 1981), p 457. "Concentration" is defined as "the condition of being concentrated". American Heritage Dictionary, supra, p 275. "Substantially" means "considerable in amount or extent". American Heritage Dictionary, supra, p 1284. Using these plain and ordinary meanings, 1979 PA 218, § 16(1) and 1943 PA 184, § 16a(4) prohibit licensing where the increase in the number of adult foster care facilities would cause the normal residential surroundings within the particular community to change. This standard is one which is "as reasonably precise as

the subject matter requires or permits". *Dep't of Natural Resources v Seaman, supra,* p 309.

A number of opinions on this statutory issue have been issued by other panels of this Court. In the case of *Livonia v Dep't of Social Services,* 123 Mich App 1, 16-17; 333 NW2d 151 (1983), *lv gtd* 418 Mich 874 (1983), this Court noted:

> "Any attempt to specifically set forth further criteria for determining whether excessive concentration has occurred would be impractical as the level of permissible concentration may well vary according to the constantly changing demographic characteristics of a particular community. Such a determination inherently requires the exercise of some limited discretion. We hold that, under the present scenario, the defendant department is permitted to exercise such discretion while it is prohibited from acting arbitrarily and, therefore, we find that these statutes are valid as they confer administrative and not legislative power and as they vest discretionary and not arbitrary authority."

We find this reasoning persuasive and adopt it as our own. See, also, *Canton Charter Twp v Dep't of Social Services,* 128 Mich App 505; 340 NW2d 306 (1983).

Under the test described in *Automotive Service, supra,* 1979 PA 218, § 16(1) and 1943 PA 184, § 16a(4) are not unconstitutional for lack of sufficient standards, especially in light of the duty of the Court to give the presumption of constitutionality to a statute and to construe it as constitutional unless the contrary clearly appears. *People v McQuillan,* 392 Mich 511, 536; 221 NW2d 569 (1974). *State Highway Comm v Vanderkloot,* 392 Mich 159; 220 NW2d 416 (1974).

Shelby Township also claims that when determining whether an "excessive concentration" of group homes exists in Shelby Township, the rela-

tive concentration of group homes in other communities should also be considered. Both 1979 PA 218, § 16(1) and 1943 PA 184, § 16a(4) prohibit the issuance of a license where licensing would cause an excessive concentration of such facilities within a township of this state.

The hearing referee and the circuit court held that the language of MCL 400.716(1); MSA 16.610(66)(1) and MCL 125.286a(4); MSA 5.2963(16a)(4) allows only the number of community residential facilities within the affected township to be considered in determining whether licensing a proposed adult foster care facility would "substantially contribute to an excessive concentration" of community residential facilities. This Court made a similar ruling in *Canton Charter Twp v Dep't of Social Services, supra,* pp 511-512. We agree with the result in *Canton Charter Twp,* however, resolution of this issue is not necessary. The population of Shelby Township is approximately 38,939 people. After increasing the proposed Family Services facilities to 11, with a total client capacity of 69 persons, the number of adults residing in licensed foster care facilities will represent 18/100 of 1% of Shelby Township's total population. We conclude that the licensing of the proposed facility will not "substantially contribute to an excessive concentration" of community residential facilities in Shelby Township.

Affirmed.