PEOPLE v PETTWAY

Docket No. 78-891. Submitted December 5, 1979, at Lansing.—Decided January 22, 1980.

Kelly D. Pettway was convicted of first-degree criminal sexual conduct, Recorder's Court of Detroit, Dalton A. Roberson, J. The information charged defendant with sexual penetration with another person under circumstances involving the commission of another felony. The other felony was breaking and entering an occupied dwelling with intent to commit criminal sexual conduct, which is a statutory offense. Defendant appeals. On appeal defendant alleges that when the first-degree criminal sexual conduct statute spells out "under circumstances involving the commission of any other felony" it means any other felony other than one involving sexual penetration because an essential element of breaking and entering with intent to commit criminal sexual conduct is "the intent to commit criminal sexual conduct"; therefore, the entire proceeding is defective because breaking and entering with intent to commit criminal sexual conduct is not another felony, but instead, is the same or a lesser included offense. *Held:*

Criminal sexual conduct is not identical with breaking and entering an occupied dwelling house with intent to commit criminal sexual conduct. They are separate and distinct offenses. Each crime requires proof of different elements. Therefore, the crimes are not the same and one is not a necessarily included offense of the other. The crime of first-degree criminal sexual conduct is complete where a breaking and entering of an occupied dwelling house with intent to commit criminal sexual conduct is followed up with sexual penetration with another person in that dwelling.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 65 Am Jur 2d, Rape § 3.
  What constitutes penetration in prosecution for rape or statutory rape. 76 ALR3d 163.
[2] 73 Am Jur 2d, Statutes §§ 145, 146, 204, 206, 225.
[3, 4] 13 Am Jur 2d, Burglary § 24.

1. RAPE — CRIMINAL SEXUAL CONDUCT — SEXUAL PENETRATION — STATUTES.

A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and the penetration occurs under circumstances involving the commission of any other felony (MCL 750.520b[1][c]; MSA 28.788[2][1][c]).

2. STATUTES — CONSTRUCTION — LEGISLATIVE INTENT — DUTY OF COURT.

The object of statutory construction is to ascertain the legislative intent from the language of the act; courts are required to ascribe to words, not otherwise defined in a statute, their plain and ordinary meaning.

3. CRIMINAL LAW — RAPE — CRIMINAL SEXUAL CONDUCT — BREAKING AND ENTERING — SEXUAL PENETRATION — PROOFS — LESSER INCLUDED OFFENSES.

The offense of criminal sexual conduct is not identical with the offense of breaking and entering an occupied dwelling with intent to commit criminal sexual conduct; breaking and entering with intent to commit criminal sexual conduct is a separate and distinct offense from the completed act of sexual penetration and each crime requires proof of different elements; therefore, one is not a necessarily included offense of the other.

4. CRIMINAL LAW — CRIMINAL SEXUAL CONDUCT — RAPE — BREAKING AND ENTERING — SEXUAL PENETRATION — STATUTES.

Breaking and entering an occupied dwelling with intent to commit criminal sexual conduct is a felony for purposes of the first-degree criminal sexual conduct statute because it constitutes the commission of the "any other felony" requirement; where breaking and entering is combined with the intent to commit criminal sexual conduct, followed up with sexual penetration with another person in that dwelling, the crime of criminal sexual conduct in the first degree has been completed (MCL 750.520b[1][c]; MSA 28.788[2][1][c]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Nels L. Olson,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec, P.C.,* for defendant on appeal.

Before: DANHOF, C.J., and BEASLEY and CYNAR, JJ.

BEASLEY, J. Defendant, Kelly Dalton Pettway, was convicted by a jury of first-degree criminal sexual conduct in violation of MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). After sentence to not less than 5 years nor more than 15 years in prison, defendant appeals as of right.

The information filed against defendant charged him with sexual penetration with another person under circumstances involving the commission of another felony. The evidence indicated, and the trial judge instructed the jury, that the other felony was breaking and entering an occupied dwelling with intent to commit criminal sexual conduct, which is a statutory offense, MCL 750.110; MSA 28.305.

On appeal, defendant makes an ingenious argument that when the criminal sexual conduct statute spells out "under circumstances involving the commission of any other felony"[1] as one of the circumstances which raises sexual penetration to a "first degree" criminal sexual conduct offense, it means any other felony than one involving criminal sexual penetration. He then reasons that since an essential element of breaking and entering with an intent to commit criminal sexual conduct is "the intent to commit criminal sexual conduct", it is not another felony, but instead, is the same (or a lesser included) offense.[2] He concludes the entire proceeding is defective, *i.e.,* under the crimi-

---

[1] MCL 750.520b(1)(c); MSA 28.788(2)(1)(c).

[2] MCL 750.110; MSA 28.305.

nal sexual conduct statute, sexual penetration with another person under circumstances involving the commission of breaking and entering with intent to commit criminal sexual conduct is not and cannot by itself be criminal sexual conduct, first degree.

We disagree with the interpretation defendant places upon the statute. The relevant part of the first-degree criminal sexual conduct statute provides:

"Sec. 520b. (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

\* \* \*

"(c) Sexual penetration occurs under circumstances involving the commission of any other felony." MCL 750.520b; MSA 28.788(2).

The elements of this offense are (1) engaging in sexual penetration with another person and, (2) the penetration occurs under circumstances involving the commission of any other felony.

The evidence here indicates the "other felony" involved was breaking and entering an occupied dwelling with intent to commit criminal sexual conduct, and the trial judge so instructed the jury.

The applicable part of the breaking and entering statute provides:

"\* \* \* Any person who shall break and enter with intent to commit any felony or any larceny therein, \* \* \* any occupied dwelling house \* \* \*." MCL 750.110; MSA 28.305.

The elements of this specific intent crime are (1) breaking and entering, (2) an occupied dwelling

and, (3) with the intent to commit larceny or any felony.

Defendant argues that the words "other felony" in the first-degree criminal sexual conduct statute mean other than criminal sexual conduct. Specifically, defendant would claim that the other felony requirement for lifting sexual penetration to "first degree" cannot be met by resort to criminal sexual conduct in the second degree, criminal sexual conduct in the third degree, or criminal sexual conduct in the fourth degree. He says they are lesser included offenses, *i.e.,* are the same felony, not another felony.

But, whether or not that analysis is sound, it falls down when applied to breaking and entering with intent to commit criminal sexual conduct.

The fact is that criminal sexual conduct is simply not identical with breaking and entering with intent to commit criminal sexual conduct. For example, in *People v Terry Alexander,*[3] defendant was convicted of both second-degree criminal sexual conduct and assault with intent to commit criminal sexual conduct involving sexual penetration. This Court reasoned that the assault with intent offense necessitated proof of an element unique to that offense and not required in second-degree criminal sexual conduct, namely, the specific intent to commit sexual conduct involving sexual penetration. This Court said:

"On the facts of this case, the jury did not *necessarily* find defendant guilty of one crime in finding him guilty of the other."[4]

Similarly, in the within case, in contrast to the

---

[3] 82 Mich App 621; 267 NW2d 466 (1978).

[4] *People v Alexander, supra* at 625.

breaking and entering with intent to commit a criminal sexual conduct offense, specific intent is not necessary to a charge of first-degree criminal sexual conduct. The object of statutory construction is to ascertain the legislative intent from the language of the act.[5] Courts must ascribe to words, not otherwise defined in the statute, their plain and ordinary meaning.[6]

As the prosecution correctly argues, felony, as construed in the phrase "any other felony", refers to any felony *other* than criminal sexual conduct. It would appear that the "other felony", breaking and entering with intent to commit criminal sexual conduct, is a separate and distinct offense from the completed act of sexual penetration. Thus, it can be argued that breaking and entering an occupied dwelling with intent to commit criminal sexual conduct can be proved without proof of the act of sexual penetration. They are separate and distinct crimes requiring proof of different elements so that the argument that one is a necessary lesser included offense of the other is without merit. Accordingly, the language of the statute, "any other felony", is satisfied by proof of the felony, to wit: breaking and entering with intent to commit criminal sexual conduct.

This record indicates sufficient evidence from which the jury could infer the specific intent required to establish a breaking and entering with intent to commit criminal sexual conduct.

Thus, we decline to hold that breaking and entering with intent to commit criminal sexual

[5] *Smith v City Comm of Grand Rapids,* 281 Mich 235; 274 NW 776 (1937).

[6] *Bingham v American Screw Products Co,* 398 Mich 546; 248 NW2d 537 (1976), *Derwinski v Eureka Tire Co,* 79 Mich App 750; 263 NW2d 30 (1977).

conduct is *not* another felony for purposes of MCL 750.520b(1)(c); MSA 28.788(2)(1)(c).

On the contrary, we believe the Legislature intended breaking and entering an occupied dwelling with intent to commit criminal sexual conduct, followed up with sexual penetration with another person in that dwelling, to be first-degree criminal sexual conduct. Under these circumstances, we hold breaking and entering with intent to commit criminal sexual conduct falls within the words of the statute "under the circumstances involving the commission of any other felony".

Affirmed.