BRANDON TOWNSHIP v NORTH-OAKLAND RESIDENTIAL
SERVICES, INC

Docket Nos. 55908, 56119. Submitted June 18, 1981, at Lansing.—
Decided October 12, 1981. Leave to appeal denied, 412 Mich
900.

North-Oakland Residential Services, Inc. (Residential Services)
applied to the Michigan Department of Social Services (DSS)
for a license to operate a small group home for six mentally
retarded adults in Brandon Township. The township, after
receiving notice of the license application from DSS, filed a
complaint in Oakland Circuit Court naming Residential Ser-
vices, Bradley J. Kotula, executive director of Residential Ser-
vices, and DSS as defendants. Plaintiff was seeking preliminary
and permanent injunctive relief on the ground that the opera-
tion of the home at the site appearing on the notice would be
an impermissible use under local zoning ordinances because of
being located in a single family residential zone. Defendants
Residential Services and Kotula had neither sought nor ob-
tained zoning approval for the facility, their contention being
that adult foster care facilities are exempted from local zoning
ordinances by the township rural zoning act (TRZA). The trial
court, William J. Beer, J., preliminarily enjoined defendants
from utilizing the house pending the final order of the court.
Thereafter, a written opinion and final judgment was issued,
permanently enjoining use of the proposed site as a foster care
home for six mentally retarded adults, William J. Beer, J. The
court found that the proposed small group home was not
exempted and that defendants would have to obtain zoning
approval from the township before they could locate and oper-
ate a foster care facility in Brandon Township. The court also
stated that the Legislature was estopped from enforcing the
statutory exemption. Defendant DSS and defendants Residen-

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 424, 429, 430.
   82 Am Jur 2d, Zoning and Planning § 7.
[2] 82 Am Jur 2d, Zoning and Planning § 38.
[3] 73 Am Jur 2d, Statutes § 194.

tial Services and Kotula filed separate appeals contesting the judgment. The appeals have been consolidated. *Held:*

1. The Legislature is not estopped from enforcing the zoning exemption. The implication of the trial court's ruling is that the Legislature could not grant the township the authority to enact zoning ordinances, allow its residents to rely on established zoning restrictions, and then selectively remove those restrictions by statute. Local zoning ordinances are subordinate to otherwise permissible legislative enactments and can be changed or modified by subsequent laws.

2. Plaintiff contends that the pertinent section of TRZA is no longer intended to exempt adult foster care facilities from local zoning ordinances because the Legislature failed to amend the section to reflect the new Adult Foster Care Facility Licensing Act. The failure to amend that section must be viewed as a legislative oversight since the Legislature's expressed intent in enacting the section was to implement the policy of the state that persons in need of community residential care shall not be excluded by zoning.

3. The small group home proposed by defendants is exempted from the township's zoning ordinance by TRZA. The order of the trial court granting plaintiff permanent injunctive relief is reversed and the proposed foster care small group home may be licensed and operated without zoning approval.

Reversed.

1. TOWNSHIPS — POLICE POWER — ZONING — ENABLING ACTS.
   Townships have no police power of their own; they may exercise such power only by virtue of a grant by the state, and in the case of zoning, power is extended through zoning enabling acts.

2. ZONING — SUBORDINATION OF ZONING ORDINANCES.
   Local zoning ordinances are subordinate to other permissible legislative enactments which serve a legitimate public interest.

3. STATUTES — JUDICIAL CONSTRUCTION.
   A statute which contains clear and unambiguous language must be given its plain meaning; no interpretation is necessary.

*Richard A. Campbell & Associates, P.C.* (by *Robert F. White),* for plaintiff.

*Joseph Shaheen, P.C.* (by *Jon R. Garrett),* for defendants North-Oakland Residential Services, Inc., and Bradley J. Kotula.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Janis Meija* and *William K. Basinger,* Assistants Attorney General, for defendant Michigan Department of Social Services.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR., and K. B. GLASER,* JJ.

PER CURIAM. Defendants appeal by right a final order of the Oakland Circuit Court, rendered on December 17, 1980, permanently enjoining the licensing or operation of an adult foster care facility in a residential zone of Brandon Township without local zoning approval.

In the spring of 1980, defendant North-Oakland Residential Services, Inc. (hereinafter Residential Services) applied to the Michigan Department of Social Services (hereinafter DSS) for a license to operate a small group home in Brandon Township, which would house six mentally retarded adults. The DSS sent notice to the officials of Brandon Township, which prompted the township to file its complaint seeking preliminary and permanent injunctive relief on the basis that the operation of the home at the site appearing on the notice would be an impermissible use under local zoning ordinances as it was located in a single family residence zone.

At the center of the controversy is § 16a of the township rural zoning act (hereinafter TRZA), which provides in pertinent part:

"In order to implement the policy of this state that persons in need of community residential care shall not be excluded by zoning from the benefits of normal residential surroundings, a state licensed residential

---

* Circuit judge, sitting on the Court of Appeals by assignment.

facility providing supervision or care, or both, to 6 or less persons shall be considered a residential use of property for the purposes of zoning and a permitted use in all residential zones, including those zoned for single family dwellings, and shall not be subject to a special use or conditional use permit or procedure different from those required for other dwellings of similar density in the same zone." MCL 125.286a(2); MSA 5.2963(16a)(2).

The basic questions below and on appeal are whether the proposed small group home falls within this exemption and whether the exemption can be validly enforced. The case being equitable, our review is *de novo. Papin v Demski,* 383 Mich 561, 568; 177 NW2d 166 (1970).

The basis upon which the trial court found injunctive relief to be warranted is not made entirely clear from its written opinion filed December 8, 1980. The trial court initially found, without elaboration, that the proposed small group home was not exempted and that defendants "must obtain zoning approval from the Township before they may locate and operate a foster care facility in Brandon Township".

Next, the trial court found that the proposed facility did not meet the definition of a single family residence and would be an impermissible use under the township's zoning ordinance. However, this has never been a contested issue.

Thus, it appears that the only legal ground upon which the trial court granted relief is found in its statement that the Legislature was "estopped" from enforcing the statutory exemption and to "allow otherwise would be unconstitutional, destroying the right of residents to enjoy their single family homes as assured by the zoning upon which they have relied". Plaintiff makes no attempt to

support this conclusion on appeal, and indeed could not.

In support of its ruling, the trial court cited *Oliphant v Frazho,* 381 Mich 630; 167 NW2d 280 (1969). In that case, the state, as a proprietor, joined in unlawfully deeding a parcel of submerged land, and, after a 17-year interim during which innocent purchasers had made improvements, sought to assert its title on grounds that the land had been unlawfully conveyed. The Court essentially found that the initial act of the state in conveying the property amounted to a constructive fraud. The implication of the trial court's ruling here is that the Legislature could not grant the township the authority to enact zoning ordinances, allow its residents to rely on established zoning restrictions, and then selectively remove those restrictions by statute.

The fallacy of this theory becomes immediately apparent upon analysis of the nature of the authority granted to townships to enact zoning ordinances. Const 1963, art 7, § 17 provides:

"Each organized township shall be a body corporate with powers and immunities provided by law."

As a panel of this Court, in *Lake Twp v Sytsma,* 21 Mich App 210, 212; 175 NW2d 337 (1970), stated:

"Townships have no police power of their own; they may exercise such power only by virtue of a grant by the state, and in cases of zoning, power is extended through zoning enabling acts." (Citation omitted.)

It can be stated as a general principle of law that

local zoning ordinances are subordinate to otherwise permissible legislative enactments. See *Dearden v Detroit*, 403 Mich 257; 269 NW2d 139 (1978), *Detroit Edison Co v Wixom*, 382 Mich 673; 172 NW2d 382 (1969), *Renshaw v Coldwater Housing Comm*, 381 Mich 590; 165 NW2d 5 (1969), *DeGaynor v Dickinson County Memorial Hospital Board of Trustees*, 363 Mich 428; 109 NW2d 777 (1961), *Dingeman Advertising, Inc v Saginaw Twp*, 92 Mich App 735; 285 NW2d 440 (1979).

Of course, zoning restrictions cannot be trod upon without a legitimate public interest being served. See, *e.g.*, *Baker v Algonac*, 39 Mich App 526; 198 NW2d 13 (1972). Here, we need look no further than our state constitution for the purpose of the legislative intrusion upon the township's zoning ordinance. Const 1963, art 8, § 8 provides:

"Institutions, programs and services for the care, treatment, education or rehabilitation of those inhabitants who are physically, mentally or otherwise seriously handicapped shall always be fostered and supported."

Neither the township nor its residents enjoy a constitutional right to any benefits of zoning restrictions unfettered by the state Legislature. Thus, while the Legislature enabled the township to enact zoning ordinances, it did not misrepresent or conceal the fact that subsequent laws could change or modify those ordinances established. There was no constructive fraud. Township residents could not, as the trial court concluded, rely upon the continuance of single family residence restrictions for their neighborhood. The Legislature is not "estopped" from enforcing the zoning exemption.

Obviously, the foregoing analysis answers any constitutional claim of plaintiff.

Plaintiff contends that § 16a of the TRZA is no longer intended to exempt adult foster care facilities from local zoning ordinances since the Legislature failed to amend that section to reflect the new Adult Foster Care Facility Licensing Act (hereinafter AFCFLA), MCL 400.701 *et seq.;* MSA 16.610(51) *et seq.* Subsection (1) of § 16a provides:

"As used in this section, 'state licensed residential facility' means a structure constructed for residential purposes that is licensed by the state pursuant to *Act No. 287 of the Public Acts of 1972, as amended, being sections 331.681 to 331.694 of the Michigan Compiled Laws,* or Act No. 116 of the Public Acts of 1973, as amended, being sections 722.111 to 722.128 of the Michigan Compiled Laws, which provides resident services for six or less persons under 24-hour supervision or care for persons in need of that supervision or care." MCL 125.286a(1); MSA 5.2963(16a)(1). (Emphasis added.)

At the time § 16a was enacted in 1976, 1972 PA 287, entitled "Adult Foster Care Facility Licensing Act", was in effect. 1972 PA 287 was repealed by § 35 of 1979 PA 218, MCL 400.735; MSA 16.610(85), the present AFCFLA. Section 16a was not amended to reflect the present AFCFLA, and, thus, plaintiff argues that the exemption from local zoning applies only to adult foster care facilities licensed under the old act and not to those licensed under the new AFCFLA, such as the one proposed by defendant Residential Services.

Since the old AFCFLA was repealed, all adult foster care facilities will be licensed under the new act, and the construction fostered by plaintiff would render § 16a a nullity, a highly disfavored result. See *Thomas v Consumers Power Co,* 58 Mich App 486; 228 NW2d 786 (1975). The failure

to amend subsection (1) of § 16a of the TRZA must be viewed as a legislative oversight, since the Legislature's expressed intent in enacting § 16a was to "implement the policy of this state that persons in need of community residental care shall not be excluded by zoning * * *".

It may be argued that the Legislature failed to amend § 16a because it felt the exemption was no longer needed in light of § 33 of the new AFCFLA, which provides:

> "This act supersedes all local regulations applicable specifically to adult foster care facilities. Local ordinances, regulations, or construction codes regulating institutions shall not be applied to adult foster care large group homes, adult foster care small group homes, or adult foster care family homes. This section shall not be construed to exempt adult foster care facilities from local construction codes which are applicable to private residences." MCL 400.733; MSA 16.610(83).

We read this section as being intended by the Legislature to act as notice of state preemption in the field of adult foster care facilities. We are not convinced that this section was intended to exempt all adult foster care facilities from local zoning ordinances, and unless this were true, the exemption provision of § 16a of the TRZA would still be necessary.

We also take this opportunity to address another issue raised by plaintiff regarding § 33 of the AFCFLA. Plaintiff contends that since the zoning ordinance in question merely defines single family use, it is not "applicable specifically to adult foster care facilities", and thus is not superseded by the AFCFLA. The argument is specious and need not be addressed since our holding today will be that the small group home proposed by defendants is

exempted from the township's zoning ordinance under § 16a of the TRZA.

The final question to be resolved before reaching this holding is whether § 16a of the TRZA was intended to apply solely to "adult foster care family homes" or is also intended to apply to "adult foster care small group homes", such as the one proposed by defendants here. Section 3 of the AFCFLA contains the following definitions:

"(5) 'Adult foster care family home' means a private residence with the approved capacity to receive not more than 6 adults who shall be provided foster care for 5 or more days a week and for 2 or more consecutive weeks. The adult foster care family home licensee shall be a member of the household and an occupant of the residence.

\* \* \*

"(7) 'Adult foster care small group home' means an adult foster care facility with the approved capacity or [sic] not more than 12 adults who shall be provided foster care." MCL 400.703; MSA 16.610(53).

Plaintiff contends that, since § 16a of the TRZA exempts only a "state licensed residential facility providing supervision or care, or both, *to 6 or less persons*" and that an "adult foster care family home" is the only facility which is limited to six or less persons by definition, the zoning exemption was intended to apply only to adult foster care family homes.

Plaintiff makes a number of reasonable observations as to why the Legislature would have intended the zoning exemption to apply only to adult foster care family homes. For example, plaintiff argues that a small group home which has no licensee as a member of the household does not

provide the "benefit of normal residential sur-
roundings" that the Legislature intended.

However, where the language of a statute is
clear and unambiguous, it must be given its plain
meaning, and no interpretation is necessary. See
*Dussia v Monroe County Employees Retirement
System,* 386 Mich 244, 248-249; 191 NW2d 307
(1971). The small group home proposed by defen-
dants is a "state licensed residential facility". The
exemption of § 16a of the TRZA applies to state
licensed residential facilities with a capacity of six
or less. Defendant Residential Services' application
for licensing was based on the home having a
capacity of six or less. The Legislature could have
specifically limited the exemption to family homes,
but did not. The exemption is based strictly on
numbers—six or less. According to the plain and
ordinary meaning of the language used by the
Legislature, defendant's proposed small group
home falls within the provisions of § 16a of the
TRZA.

The order of the trial court granting plaintiff
permanent injunctive relief is reversed, and the
proposed foster care small group home may be
licensed and operated without zoning approval.