CITY OF LIVONIA v DEPARTMENT OF SOCIAL SERVICES

Docket Nos. 59727, 59728. Submitted June 1, 1982, at Detroit.—Decided September 23, 1982. Leave to appeal applied for.

The City of Livonia joined with individual landowners in two cases brought against the Department of Social Services and others in Wayne Circuit Court in which the department's use of residences as adult foster care homes was challenged. The trial courts, Charles S. Farmer, J., and Richard D. Dunn, J., granted summary judgments rejecting plaintiffs' challenges. Plaintiffs in the two cases appealed, and the appeals were consolidated. *Held:*

1. The repeal of the 1972 Adult Foster Care Facility Licensing Act did not end the specific exemption from zoning ordinances for state licensed residential facilities. The fact that the exemption was not included in the 1979 Adult Foster Care Facility Licensing Act must be viewed as a legislative oversight.

2. Adult foster care family homes are not the only facilities included in the exemption from zoning ordinances.

3. The 1979 Adult Foster Care Facility Licensing Act does not unconstitutionally displace local zoning power.

4. The presence of an exemption for state licensed residential facilities in the zoning enabling act for cities and villages does not violate the stricture on statutes having more than a single object.

5. Plaintiffs remain free to claim that the department has not complied with the law as it applies to prevention of excessive concentration of facilities within a city, township or village.

6. Plaintiffs' claim that mentally ill persons may not be

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Zoning and Planning § 60 *et seq.*

[2, 3] 82 Am Jur 2d, Zoning and Planning §§ 12, 58, 345.

[2, 3] Validity and construction of provisions of zoning statute or ordinance regarding protest by neighboring property owners. 7 ALR4th 732.

Standing of lot owner to challenge validity or regularity of zoning changes dealing with neighboring property. 37 ALR2d 1143.

[4] 20 Am Jur 2d, Covenants, Conditions, and Restrictions §§ 165 *et seq.,* 209-211.

housed in an adult foster care small group home need not be addressed since the individuals who are to live in the homes are developmentally disabled, and developmentally disabled persons are clearly eligible for placement in adult foster care facilities.

7. No prejudicial error resulted from the department's failure to send notice to both the city council and the city clerk that a proposed adult foster care facility was to be located in the city.

8. The plaintiff landowners' constitutional rights involving deprivation of property without due process of law have not been abridged.

9. Plaintiffs' claim concerning lack of rules required by the 1979 Adult Foster Care Facility Licensing Act is without merit.

10. It cannot be determined from the record whether plaintiffs' claim that the department violated the statute requiring the department to cooperate with local units of government in administering the act was properly decided on summary judgment.

11. Plaintiffs' claim that the department violated a provision of the Adult Foster Care Facility Licensing Act by failing to require that the names of lessors of the facility be included on the application for licensure was not made in plaintiffs' complaint and is waived.

12. The city can enforce its building codes if the operation of the facilities results in code violations, but the denial of a license is not the appropriate remedy if violations are found.

13. The claim that a violation of the zoning ordinances constitutes an abatable nuisance is without merit.

14. The trial court did not err in rejecting plaintiffs' claim that deed restrictions precluded the proposed use in one of the two cases.

15. The trial court's denial of an order preventing the applications from being granted by the department is affirmed. The trial court's decision, with the exception of the handling of plaintiffs' claim that the department failed to comply with the cooperation provision of the act, is generally affirmed. The cases are remanded for further proceedings on that issue.

Affirmed in part and remanded.

1. ZONING — MUNICIPAL CORPORATIONS — RESTRICTIONS ON ZONING POWER.

A restriction on a municipality's zoning power clearly belongs in the act granting that power.

2. Zoning — Abutting Property.

> The interest of a property owner in the zoning of property abutting his is one which is guaranteed by statute, not by the state or federal constitution.

3. Zoning — Abutting Property — Constitutional Law.

> An abutting landowner's constitutional rights are not abridged by legislative action where it is clearly shown that the Legislature intended to limit legally enforceable interests of abutting landowners in a zoning decision.

4. Covenants — Foster Care Facilities.

> Three factors should be considered in deciding whether the use of a house as a foster care facility for physically or mentally disabled persons violates a restrictive covenant in the deed to the property: (1) the specific language of the covenant, (2) the nature of the operation with particular regard to whether it is commercial or nonprofit, and (3) the basis of the affiliation of the residents of the home.

*Harry C. Tatigian,* City Attorney, for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *William K. Basinger,* Assistants Attorney General, for Michigan Department of Social Services and John T. Dempsey, Director of the Department of Social Services.

*Michael J. Kiley,* for Disabled Residents.

*Jon R. Garrett, P.C.,* for R. Roberts Residential Services, Inc., Brant Homes, Inc., and Harvey L. and Dolores M. Plaskov.

Before: Bronson, P.J., and R. M. Maher and M. Warshawsky,* JJ.

Per Curiam. In two cases, the City of Livonia joined with individual landowners of the city in challenging the use by the Department of Social

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Services (hereafter DSS) of residences as adult foster care homes. Their challenges were rejected in the trial courts and they bring separate appeals by right. The cases have been consolidated on appeal. To begin, we address the numerous issues germane to both cases.

We reject plaintiffs' claim that, with the repeal of 1972 PA 287, the Legislature ended the specific exemption from zoning ordinances for state licensed residential facilities. In doing so, we agree with the reasons stated in *Brandon Twp v North-Oakland Residential Services, Inc,* 110 Mich App 300, 306-307; 312 NW2d 238 (1981). We adopt the reasoning in the same opinion in rejecting plaintiffs' claim that only "adult foster care family homes" are included in the exemption from zoning in MCL 125.583b; MSA 5.2933(2). The strength of this interpretation is bolstered by the requirement that an adult foster care facility for more than six persons obtain zoning approval or a special or conditional use permit. MCL 400.716(2); MSA 16.610(66)(2). We also reject the claim that the statute unconstitutionally displaces local zoning power. See *Brandon Twp, supra,* pp 303-305.

Plaintiffs claim that the presence of an exemption for state licensed residential facilities in the zoning enabling act for cities and villages violates the stricture on statutes having more than a single object. Const 1963, art 4, § 24. This argument is without merit. A restriction on a municipality's zoning power clearly belongs in the act granting that power. Plaintiffs' argument that 1979 PA 218 violates this constitutional provision is clearly without merit.

Plaintiffs make two claims concerning lack of standards governing the power of the DSS to prevent excessive concentration of facilities within

a city, township or village. This type of analysis in inapplicable. The locating of facilities is an administrative task, not a legislative one. The delegation doctrine simply does not apply. The Legislature has not delegated to DSS the authority to determine the meaning of "excessive concentration". Plaintiffs remain free to claim that DSS has not complied with the law.

We do not consider plaintiffs' claim that "mentally ill" persons may not be housed in an adult foster care small group home. It is unnecessary to decide this issue on appeal since the individuals who are to live in the homes are developmentally disabled. Developmentally disabled persons are clearly eligible for placement in adult foster care facilities. See MCL 400.703(4); MSA 16.610(53)(4).

Plaintiffs next claim that DSS failed to comply with statutory requirements by failing to send notice to both the city council, MCL 125.583b(4); MSA 5.2933(2), and the city clerk, MCL 400.732(1); MSA 16.610(82)(1). Instead, the department sent notice to the city's Bureau of Inspection. There is no question that the council received actual notice long before the issuance of the license. We find no prejudicial error. See *Montiy v East Detroit Civil Service Bd,* 54 Mich App 510, 515-516; 221 NW2d 248 (1974).

Plaintiffs claim that the notice to neighboring landowners required by statute is inadequate, resulting in a deprivation of their property without due process of law. The interest of an owner in the zoning of property abutting his is one which is guaranteed by statute, not by the state or federal constitution. *Baker v Algonac,* 39 Mich App 526, 535; 198 NW2d 13 (1972). The need for caution in rezoning to protect the stability of existing zones has also been recognized in judicial decisions.

*Raabe v City of Walker,* 383 Mich 165; 174 NW2d 789 (1970); *Baker, supra,* p 533. Our Legislature has generally recognized the need for protecting the interests of owners of land affected by zoning decisions short of rezoning which result in changes in use. See, *e.g.,* MCL 125.585(6); MSA 5.2935(6); *Brown v East Lansing Zoning Bd of Appeals,* 109 Mich App 688; 311 NW2d 828 (1981). Where, however, the Legislature has clearly shown an intent to limit legally enforceable interests of abutting landowners in a zoning decision, the landowners' constitutional rights are not abridged. See *Lamb v Monroe,* 358 Mich 136, 147; 99 NW2d 566 (1959).

Plaintiffs have also raised a number of minor claims alleging statutory violations. Plaintiffs' claim concerning lack of rules required by MCL 400.713(3)(b); MSA 16.610(63)(3)(b) is without merit. See MCL 24.231(2); MSA 3.560(131)(2).

Forbidding the department from issuing the specific licenses involved in these cases is not an appropriate remedy for the alleged violation of MCL 400.709(2); MSA 16.610(59)(2), requiring the department to cooperate with local units of government in administering the act. At the same time, we cannot say that this question was properly decided on summary judgment. If the department has not complied with the law in the past, it may be permanently enjoined from issuing licenses in the future if it fails to take measures to comply. Past compliance is a question of fact. The affidavits and documents used in deciding the summary judgment motion provide insufficient information for this Court to decide the issue.

Plaintiffs claim that the department violated MCL 400.713(4); MSA 16.610(63)(4) by failing to require that the names of lessors of the facility be

included on the application for licensure. This claim was not made in plaintiffs' complaint and is waived. We note that the statute precludes this information from appearing in the notice of the application the department is required to give the city. MCL 400.712(3); MSA 16.610(62)(3). This information should have been supplied to the city as a party in the DSS contested case involving the city's challenges to these licenses.

We agree with defendant DSS that the city can enforce its building codes if the operation of the facilities results in code violations. We also agree that this question is not ripe for judicial consideration. License denial is not the appropriate remedy if violations are found.

The claim that a violation of the zoning ordinances constitutes an abatable nuisance is without merit.

Finally, we address claims germane only to No. 59727, the Roberts facility. Plaintiffs claim that deed restrictions preclude the proposed use. In deciding cases involving this issue, this Court has consistently considered three factors: 1) the specific language of the restriction; 2) the nature of the proposed operation with particular attention paid to its commercial status; and 3) the basis of affiliation of the residents in the proposed facility. *Leland Acres Homeowners Ass'n, Inc v R T Partnership,* 106 Mich App 790, 796; 308 NW2d 648 (1981). See *Bellarmine Hills Ass'n v Residential Systems Co,* 84 Mich App 554; 269 NW2d 673 (1978); *Jayno Heights Landowners Ass'n v Preston,* 85 Mich App 443; 271 NW2d 268 (1978); *Malcolm v Shamie,* 95 Mich App 132; 290 NW2d 101 (1980). In *Bellarmine, supra, Malcolm, supra,* and *Leland Acres, supra,* this Court held that a state licensed facility was not barred by the covenant in ques-

tion. In all important respects, the facts in this case *(Roberts)* resemble those in *Bellarmine, Malcolm,* and *Leland Acres.* It was no error to reject this claim.

We affirm the denial of an order preventing the applications from being granted by the department. We affirm generally, except regarding the claim of noncompliance with MCL 400.709(2); MSA 16.610(59)(2). Remanded for further proceedings on that issue. We do not retain jurisdiction.

No costs, a public question being involved.