CITY OF DEARBORN v DEPARTMENT OF SOCIAL SERVICES

Docket No. 58605. Submitted June 21, 1982, at Detroit.—Decided October 5, 1982. Leave to appeal applied for.

Defendant New Outlook, Inc., applied to defendant Michigan Department of Social Services for a license to operate an adult foster care small group home within the plaintiff City of Dearborn for the benefit of five prospective residents. The plaintiff city thereafter commenced an action in the Wayne Circuit Court seeking preliminary and permanent injunctive relief to restrain the department and its director, John T. Dempsey, from issuing the license. At the hearing on the city's motion for a preliminary injunction, New Outlook and four prospective residents of the facility, by their next friends, were permitted to intervene as party defendants. The trial court also permitted the Cities of Woodhaven and Riverview to intervene in support of plaintiff's position. The parties filed respective motions for summary judgment. The trial court, William J. Giovan, J., granted the defendants' motion based upon plaintiff's failure to state a cause of action upon which relief could be granted. Plaintiff appeals from the order entered to that effect alleging: (1) that the statute providing that certain residential care facilities are exempt from city or village zoning regulations is an unconstitutional infringement upon the city's zoning authority; (2) that the zoning enabling statute allowing such exemption violates the title-object clause of the constitution; (3) that the zoning enabling statute is inapplicable to the present situation; (4) that the zoning enabling statute was not reenacted and republished in violation of the constitution; and

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 82 Am Jur 2d, Zoning and Planning §§ 7, 8.
[4] 73 Am Jur 2d, Statutes § 112.
[5] 82 Am Jur 2d, Zoning and Planning § 158 et seq.
Validity of ordinance restricting number of unrelated persons who can live together in residential zone. 12 ALR4th 238.
[6] 73 Am Jur 2d, Statutes § 139.
[7] 82 Am Jur 2d, Zoning and Planning § 18.
[8] 82 Am Jur 2d, Zoning and Planning §§ 110, 159.

(5) that the small group home in question does not qualify for the statutory exemption. *Held:*

1. Const 1963, art 7, § 22, which provides cities and villages with the power to regulate local concerns, is no constitutional impediment to the zoning exemption expressed in MCL 125.583b(2).

2. A legitimate public interest exists to justify the Legislature's intrusion into the zoning process.

3. Plaintiff's attack on the zoning enabling act based upon the title-object clause of the constitution was rejected. The restriction on a municipality's zoning power clearly belongs in the same act granting that power.

4. Plaintiff's argument that the New Outlook facility may not benefit from the exemption, since the facility was licensed pursuant to the present Adult Foster Care Facility Licensing Act while the zoning statute only refers to facilities licensed under the authority of a predecessor statute, was also rejected. The Legislature's failure to amend the zoning statute to make reference to the new statute was merely an oversight. The intent that facilities with six or less residents remain free of zoning restrictions is made clear by a section of the new act requiring zoning approval for larger foster care facilities.

5. The enactment of 1979 PA 218 did not dispense with or change any provisions of the zoning enabling statute so as to violate Const 1963, art 4, § 25 regarding the revision and amendment of laws.

6. Plaintiff's challenge to the zoning statute, contending it does not apply to "small group homes" licensed under the Adult Foster Care Facility Licensing Act because the act authorizes such facilities with up to 12 residents, also fails since the small group home in question has six or fewer residents and, thus, qualifies for the statutory zoning exemption. A "small group home" is a "state licensed residential facility" within the meaning of MCL 125.583b.

7. The summary judgment was properly granted.

Affirmed.

1. ZONING — LOCAL ORDINANCES.

Local zoning ordinances are subordinate to otherwise permissible legislative enactments.

2. CONSTITUTIONAL LAW — ZONING — LICENSED RESIDENTIAL FACILITIES.

The zoning exemption statute regarding state licensed residential

facilities is not an infringement upon the constitutional provision regarding the powers of cities and villages (Const 1963, art 7, § 22; MCL 125.583b[2]; MSA 5.2933[2][2]).

3. ZONING — MUNICIPAL CORPORATIONS.

A restriction on a municipality's zoning power clearly belongs in the same act granting that power.

4. CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE.

The purpose of the title-object clause of the constitution is to prevent the enactment of statutes with exceedingly broad objects so as to include concepts that are wholly foreign and incongruous (Const 1963, art 4, § 24).

5. ZONING — LEGISLATIVE INTENT — ADULT FOSTER CARE FACILITY LICENSING ACT.

The intent of the Legislature that foster care facilities with six or fewer residents remain free of zoning restrictions is made clear by the section of the Adult Foster Care Facility Licensing Act which requires zoning approval for larger foster care facilities (MCL 400.716[2]; MSA 16.610[66][2]).

6. STATUTES — CONSTITUTIONAL LAW — AMENDMENT OF STATUTES.

The constitutional provision regarding the revision and amendment of laws is not violated unless the statute amending the act which has not been reenacted or published dispenses with or changes any provision of the amended act (Const 1963, art 4, § 25).

7. ZONING — SOCIAL SERVICES — CONSTITUTIONAL LAW — ADULT FOSTER CARE FACILITY LICENSING ACT.

The enactment of the Adult Foster Care Facility Licensing Act did not dispense with or change the statute regarding zoning exemptions for state licensed residential facilities so as to violate the constitutional provision regarding the revision and amendment of laws (Const 1963, art 4, § 25; MCL 125.583b, 400.701 *et seq.;* MSA 5.2933[2], 16.610[51] *et seq.).*

8. ZONING — EXEMPTIONS — SMALL GROUP HOMES — LICENSED RESIDENTIAL FACILITIES.

A "small group home" of six or fewer residents is a "state licensed residential facility" within the meaning of the zoning exemption statute regarding such facilities (MCL 125.583b; MSA 5.2933[2]).

*William C. Hultgren* and *Frank A. Guido,* City

of Dearborn, Office of the Corporation Counsel, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *William K. Basinger,* Assistants Attorney General, for defendants the Department of Social Services and John T. Dempsey.

*Michael J. Kiley,* Michigan Protection and Advocacy Service, Inc., for defendants-residents.

*Jon R. Garrett,* for defendant New Outlook, Inc.

*Logan, Huchla & Wycoff, P.C.* (by *Randall A. Pentiuk),* for amicus curiae, City of Riverview.

Before: CYNAR, P.J., and N. J. KAUFMAN and P. R. MAHINSKE,* JJ.

N. J. KAUFMAN, J. Plaintiff appeals as of right from a grant of a summary judgment in favor of defendants based upon plaintiff's failure to state a cause of action upon which relief can be granted. GCR 1963, 117.2(1).

On September 8, 1980, defendant New Outlook, Inc., applied to defendant Department of Social Services for a license to operate an adult foster care small group home within the plaintiff City of Dearborn for the benefit of five prospective residents. The city commenced this cause of action on October 14, 1980, seeking preliminary and permanent injunctive relief to restrain the department from issuing the license. The city alleged that its zoning ordinance does not permit the land use

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sought by New Outlook and that a statute exempting adult foster care facilities from local zoning ordinances, MCL 125.583b; MSA 5.2933(2), is invalid or inapplicable. At a hearing on the city's motion for a preliminary injunction, New Outlook and four prospective residents of the facility were permitted to intervene as party defendants. The trial court also permitted the Cities of Woodhaven and Riverview to intervene in support of plaintiff's position.[1] The parties filed respective motions for summary judgment, apparently agreeing that the litigation presents disputed legal issues without involving a factual dispute. In an opinion dated May 11, 1981, and an order dated June 11, 1981, the trial court granted defendants' motion for summary judgment. The court concluded that all of plaintiff's challenges to MCL 125.583b; MSA 5.2933(2) were without merit. We review plaintiff's challenges *seriatim.*

The term "adult foster care facility" refers to any "governmental or nongovernmental establishment having as its principal function the receiving of adults for foster care. It includes facilities and foster care family homes for adults who are aged, emotionally disturbed, developmentally disabled, or physically handicapped who require supervision on an ongoing basis but who do not require continuous nursing care". MCL 400.703(4); MSA 16.610(53)(4). Pursuant to the Adult Foster Care Facility Licensing Act, MCL 400.701 *et seq.;* MSA 16.610(51) *et seq.,* such facilities are licensed and regulated by the Adult Foster Care Licensing Advisory Council of the Department of Social Services. The Legislature has provided that certain

[1] Although the City of Riverview has filed an amicus curiae brief raising some additional challenges to MCL 125.583b; MSA 5.2933(2), because those additional issues were not raised below we do not consider them in this appeal.

residential care facilities are exempt from city or village zoning regulation.[2]

"(2) In order to implement the policy of this state that persons in need of community residential care shall not be excluded by zoning from the benefits of normal residential surroundings, a state licensed residential facility providing supervision or care, or both, to 6 or less persons shall be considered a residential use of property for the purposes of zoning and a permitted use in all residential zones, including those zoned for single family dwellings, and shall not be subject to a special use or conditional use permit or procedure different from those required for other dwellings of similar density in the same zone." MCL 125.583b(2); MSA 5.2933(2)(2).

Plaintiff's first challenge to the zoning exemption is based upon article 7, § 22 of the Constitution of 1963, which provides cities and villages with the power to regulate local concerns.

"Under general laws the electors of each city and village shall have the power and authority to frame, adopt and amend its charter, and to amend an existing charter of the city or village heretofore granted or enacted by the legislature for the government of the city or village. Each such city and village shall have power to adopt resolutions and ordinances relating to its municipal concerns, property and government, subject to the constitution and law. No enumeration of powers granted to cities and villages in this constitution shall limit or restrict the general grant of authority conferred by this section." Const 1963, art 7, § 22.

Plaintiff contends that article 7, § 22 provides it with exclusive authority in zoning matters, and that MCL 125.583b(2); MSA 5.2933(2)(2) is, there-

[2] A similar provision exempts such facilities from township zoning ordinances. MCL 125.286a(2); MSA 5.2963(16a)(2).

fore, an unconstitutional infringement upon that authority.

Plaintiff's argument is without merit. Independent of legislation, the constitutional grant contained in Const 1963, art 7, § 22 did not grant cities the power to zone. *Clements v McCabe,* 210 Mich 207, 216-219; 177 NW 722 (1920). Thus, it is well-established as a general principle of law that local zoning ordinances are subordinate to otherwise permissible legislative enactments. See *Dearden v Detroit,* 403 Mich 257; 269 NW2d 139 (1978); *Detroit Edison Co v Wixom,* 382 Mich 673; 172 NW2d 382 (1969); *Renshaw v Coldwater Housing Comm,* 381 Mich 590; 165 NW2d 5 (1969); *DeGaynor v Dickinson County Memorial Hospital Board of Trustees,* 363 Mich 428; 109 NW2d 777 (1961); see, generally, *Brandon Twp v North-Oakland Residential Services, Inc,* 110 Mich App 300, 304-305; 312 NW2d 238 (1981). Moreover, in the instant case, a legitimate public interest exists to justify the Legislature's intrusion into the zoning process. That interest is expressed in article 8, § 8 of the Constitution of 1963, which mandates that "[i]nstitutions, programs and services for the care, treatment, education or rehabilitation of those * * * physically, mentally or otherwise seriously handicapped * * * be fostered and supported". *Brandon Twp, supra.* Consequently, we find in Const 1963, art 7, § 22 no constitutional impediment to the zoning exemption expressed in MCL 125.583b(2); MSA 5.2933(2)(2).

Plaintiff's second challenge to the statute is based upon the title-object clause of the state constitution. Const 1963, art 4, § 24 provides:

"No law shall embrace more than one object, which shall be expressed in its title. No bill shall be altered or amended on its passage through either house so as to

change its original purpose as determined by its total content and not alone by its title."

Plaintiff argues that the object of the zoning enabling statute, MCL 125.581 *et seq.;* MSA 5.2931 *et seq.,* is to grant cities and villages the authority to zone without usurpation of that authority, and therefore, as amended, the statute embraces more than one object by otherwise restricting that authority. We disagree with plaintiff's contention. The purpose of the title-object clause is to prevent the enactment of statutes with exceedingly broad objects so as to include concepts that are wholly foreign and incongruous. The constitutional prohibition thereby limits legislative logrolling and any resulting public disservice. *Advisory Opinion on Constitutionality of 1975 PA 227,* 396 Mich 123, 131-133; 240 NW2d 193 (1976). The zoning enabling act grants cities and villages the authority to engage in zoning regulation. There is nothing foreign or incongruous to that concept in MCL 125.583b(2); MSA 5.2933(2)(2), which limits that authority in particular circumstances. A restriction on a municipality's zoning power clearly belongs in the same act granting that power. *Livonia v Dep't of Social Services,* 119 Mich App 806; 328 NW2d 1 (1982).

Plaintiff's third challenge to the statute is that it is simply inapplicable to the present situation. Plaintiff points out that the New Outlook facility was licensed pursuant to 1979 PA 218; MCL 400.701 *et seq.;* MSA 16.610(51) *et seq.,* while the zoning statute only refers to facilities licensed under the authority of a predecessor statute, 1972 PA 287; MCL 331.681 *et seq.;* MSA 16.610(1) *et seq.* Plaintiff, therefore, concludes that the New Outlook facility may not benefit from the exemption. We reject this challenge to the statute as

well. It is readily apparent that the Legislature's failure to amend MCL 125.583b; MSA 5.2933(2) to make reference to the new statute was merely a matter of legislative oversight. Any other interpretation would render the section a nullity. *Livonia v Dep't of Social Services, supra; Brandon Twp, supra,* 306-307. The Legislature's intent that foster care facilities with six or less residents remain free of zoning restrictions is made clear by § 16(2) of the Adult Foster Care Facility Licensing Act, MCL 400.716(2); MSA 16.610(66)(2), which requires zoning approval for larger foster care facilities.

In a related argument, plaintiff challenges MCL 125.583b; MSA 5.2933(2), based upon the Legislature's failure to reenact and republish the section following the repeal of the predecessor adult foster care statute and the enactment of MCL 400.701 *et seq.;* MSA 16.610(51) *et seq.* Article 4, § 25 of the Constitution of 1963 provides:

"No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be re-enacted and published at length."

It is undisputed that the Legislature did not reenact and republish MCL 125.583b; MSA 5.2933(2) following the passage of the Adult Foster Care Facility Licensing Act, 1979 PA 218; MCL 400.701 *et seq.;* MSA 16.610(51) *et seq.* Nevertheless, Const 1963, art 4, § 25 is not violated unless the statute amending the act which has not been reenacted or published dispenses with or changes any provision of the amended act. *Midland Twp v State Boundary Comm,* 401 Mich 641, 659; 259 NW2d 326 (1977). As noted above, we believe the Legislature intended, with the passage of the new adult foster care statute, that the zoning exemption in

MCL 125.583b; MSA 5.2933(2) apply to facilities licensed under the new act. However, we are not convinced that in doing so the Legislature actually dispensed with or changed any provision of the statute. Although under the new foster care act the licensee of a facility need not be a member of the facility household, the threshold requirement of MCL 125.583b; MSA 5.2933(2) remains unchanged. To benefit from the zoning exemption the facilities must, in any case, provide 24-hour care for their residents. Thus, the enactment of 1979 PA 218 did not dispense with or change the statute provisions so as to violate Const 1963, art 4, § 25.

Plaintiff's final challenge to the statute is that the provision does not apply to "small group home" facilities licensed under the Adult Foster Care Facility Licensing Act because that act authorizes such facilities with up to 12 residents. New Outlook has been licensed for a small group home with five residents. This claim is also without merit. A "small group home" is a "state licensed residential facility" within the meaning of MCL 125.583b; MSA 5.2933(2). Therefore, since the small group home in question has "6 or less" residents, it qualifies for the statutory exemption. *Cf. Brandon Twp, supra,* 308-309.

Because we find that none of plaintiff's challenges to the zoning exemption statute have legal merit, we conclude the summary judgment was appropriate under GCR 1963, 117.2(1).

Affirmed.